OPINION
{¶ 1} The state of Ohio appeals the decision of the Butler County Court of Common Pleas suppressing evidence of a blood alcohol test performed on defendant-appellee, Aaron T. White, based upon the state's failure to comply with regulations prescribed by the Ohio Department of Health.
 {¶ 2} The undisputed facts in this case demonstrate that on November 15, 2005, appellee was involved in a single car accident in Oxford Township, Ohio. Following the accident, appellee was transported to a local hospital where medical personnel withdrew a sample of blood from appellee for the purposes of treatment. The blood sample was analyzed by laboratory technicians and indicated an alcohol concentration greater than the legal limit. After an investigation by the Oxford Township Police Department, appellee was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1)(a), along with other traffic violations not relevant to this appeal.
 {¶ 3} On February 28, 2006, appellee moved the trial court to suppress evidence of the alcohol test because the hospital used isopropyl alcohol to cleanse the phlebotomy site prior to withdrawing the sample in violation of Ohio Adm. Code 3701-53-05(B). Upon the parties' stipulation to the facts, including the hospital's use of alcohol as a skin antiseptic, the trial court granted appellee's motion to suppress, finding the state unable to demonstrate it substantially complied with Ohio Adm. Code 3701-53-05(B). The state appeals the trial court's decision, raising a single assignment of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S MOTION TO SUPPRESS."
 {¶ 6} In its sole assignment of error, the state argues that the trial court erred as a matter of law in granting appellee's motion to suppress evidence of a blood alcohol test, by adding requirements to Ohio's exclusionary rule, R.C. 4511.19(D)(1), that are not otherwise expressed in the language of the statute. Specifically, the state contends that the language of R.C. 4511.19(D) (1 ) does not require compliance with Ohio Administrative Code regulations governing the withdrawal of a blood sample to be analyzed, but only requires compliance with regulations governing the actual analysis of the sample once it has been withdrawn. We find this argument to be without merit.
 {¶ 7} Our review of a trial court's decision granting a motion to suppress presents a question of both law and fact. See State v.Burnside, 100 Ohio St.3d 152, 154, 2003-Ohio-5372. In considering a defendant's motion to suppress, the trial court acts as the trier of fact, "and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." See id. at 154-155. Accordingly, its findings of fact may not be disturbed "if they are supported by competent, credible evidence." See id. at 154-155. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." See id. at 155. Because the parties in the instant case have stipulated to the facts, the sole issue before us is whether the trial court properly applied R.C. 4511.19(D)(1) in ruling upon appellee's motion to suppress.
 {¶ 8} R.C. 4511.19(D) (1 ) details "the threshold criteria for the admissibility of alcohol-test results in prosecutions for driving under the influence * * *." Id. Under this section, "only a physician, a registered nurse, or a qualified technician, chemist, or phlebotomist shall withdraw blood for the purpose of determining the alcohol, drug, or alcohol and drug content * * *." R.C. 4511.19(D)(1). Further, any blood sample collected pursuant to this statute "shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director pursuant to section 3701.143 of the Revised Code." Id.
 {¶ 9} R.C. 3701.143 provides: "For purposes of section 4511.19 of the Revised Code, the director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's blood * * * in order to ascertain the amount of alcohol, a drug of abuse, or alcohol and a drug of abuse in the person's blood * * *. The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons authorizing them to perform such analyses. Such permits shall be subject to termination or revocation at the discretion of the director."
 {¶ 10} In accordance with this legislative mandate, the director of health has promulgated several regulations with respect to blood alcohol testing, embodied in Ohio Adm. Code Chapter 3701-53. SeeBurnside at 155; see, also, State v. Mayl, 106 Ohio St.3d 207, 211, 212,2005-Ohio-4629. Such regulations set forth how a blood sample shall be collected (Ohio Adm. Code 3701-53-05), the testing methods for the sample collected (Ohio Adm. Code 3701-53-03[A]), the required qualifications of laboratory personnel (Ohio Adm. Code 3701-53-07[A]) and the requirements a laboratory itself must fulfill (Ohio Adm. Code 3701-53-06[A]). SeeMayl at 211, 212. In prosecutions involving driving under the influence, "after a defendant challenges the validity of [alcohol] test results in a pretrial motion, the state has the burden to show that the test was administered in substantial compliance with the regulations prescribed by the Director of Health." See Burnside at 157; see, also,Mayl at 214.
 {¶ 11} The Ohio Supreme court considered these regulations as they relate to R.C. 4511.19(D) (1 ) in State v. Burnside. There, the defendant sought suppression of alcohol test results under this section where an anticoagulant was not used when withdrawing the subject blood sample as required by Ohio Adm. Code 3701-53-05(C). See Burnside at 154. Because the state failed to produce any evidence that it complied with this regulation, the court upheld the reversal of the trial court's decision overruling the defendant's motion to suppress evidence of the alcohol test. See id. at 159. In doing so, the court emphasized that the purpose of such regulations "is to ensure the accuracy of the alcohol-test results." See Id. at 156. "The General Assembly instructed the Director of Health — and not the judiciary-to ensure the reliability of alcohol testing by promulgating regulations precisely because the former possesses the scientific expertise that the latter does not." Id. at 158. (Emphasis sic.) As a result, the court determined that "compliance with the regulations, rather than a judicial determination as to reliability, is the criterion for admissibility under R.C. 4511.19." Id. at 159. (Emphasis sic.)
 {¶ 12} Similarly, in this case, the regulation at issue concernshow a blood sample shall be collected. Specifically, Ohio Adm. Code3701-53-05(B) provides: "When collecting a blood sample, aqueous solution of a non-volatile antiseptic shall be used. No alcohols shall be used as a skin antiseptic." It is undisputed that the hospital collected the blood sample from appellee utilizing alcohol as a skin antiseptic, in violation of Ohio Adm. Code 3701-53-05(B). Nevertheless, the state maintains that R.C. 4511.19(D)(1) does not require compliance with regulations governing the collection of a sample, but only to the analysis of such sample once it has been withdrawn. In making this argument, the state would have us determine that the reliability of a blood alcohol test is unaffected by the procedures involved incollecting the blood sample to be analyzed. We find this proposition inconsistent with the purpose of the regulations and untenable under the Ohio Supreme Court's holding in Burnside.
 {¶ 13} Under Burnside, regulations pertaining to the collection of a blood sample, as set forth in Ohio Adm. Code 3701-53-05, are encompassed in the statutory language of R.C. 4511.19(D) (1 ) requiring that the sample be "analyzed in accordance with methods approved by the director of health * * *." See Burnside at 155, 156. The entire regulatory scheme promulgated by the director of health in accordance with the statutory mandate of this section is meant to ensure the reliability of blood alcohol test results according to scientific standards. See id. at 158; see, also, Mayl 106 Ohio St.3d at 211, 212. It follows that the admissibility of a blood alcohol test pursuant to R.C. 4511.19(D) (1 ) requires the state to substantially comply with regulations governing how a sample is collected, as set forth in Ohio Adm. Code 3701-53-05, in addition to regulations governing the testing of the sample itself.
 {¶ 14} Accordingly, we find the trial court correctly granted appellee's motion to suppress evidence of his blood alcohol test results where the state failed to demonstrate substantial compliance with Ohio Adm. Code 3701-53-05(B). The state's sole assignment of error is therefore overruled.
 {¶ 15} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.